IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02079-BNB

GIOVANNI LARATTA,

    Plaintiff,

v.

DENNIS BURBANK,
SEAN FOSTER,
DALE BURKE,
LYNN TRAVIS,
RAEANNE WILL,
MALISSA JONES,
C.O. HARTUNG, and
TINO HERRERA,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Giovanni Laratta, is in the custody of the Colorado Department of Corrections (DOC) and currently is housed at the Sterling Correctional Facility in Sterling, Colorado. Mr. Laratta, acting *pro se*, has filed a Prisoner Complaint pursuant to 42 U.S.C.§ 1983. The Court must construe the Complaint liberally because Mr. Laratta is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Laratta will be ordered to file an Amended Complaint.

The Court has reviewed the Prisoner Complaint filed by Mr. Laratta and finds that it is deficient. Mr. Laratta asserts three claims in this action. In general, he alleges that his constitutional rights were violated when the named Defendants retaliated

against him by filing a disciplinary charge that was later overturned.

However, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).   Mr. Laratta fails to assert how Defendants Dennis Burbank and Sean Foster personally participated in the alleged violations of his due process rights.   He alleges that Defendant Foster "signed the 'disposition of charge form' affirming . . . the COPD process."   Complaint at 11.   He also asserts that Defendant Burbank "reviewed the formal COPD hearing for the purpose of responding to the Plaintiff's appeal."  *Id.*   These allegations do not establish the personal participation of Defendants Burbank and Foster.   This is because, in general, the denial of relief in a prisoner's administrative appeal is insufficient to establish personal participation based on their failure to investigate or take corrective actions.   *See, e.g., Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (allegations that defendants "rubber-stamped" his grievances did not adequately allege a factual basis to support an affirmative link between the defendants and any alleged constitutional violation).

To the extent Mr. Laratta seeks to hold any individuals liable under § 1983, he must name such individuals in the caption of the Complaint and allege facts in the text of the Complaint to show each individual defendant's personal participation in a deprivation of his constitutional rights. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   Moreover, a supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).   Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.   *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).   Supervisors cannot be held liable merely because of their supervisory positions.   *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);   *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).   This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."   *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Therefore, Mr. Laratta will be ordered to file an amended complaint that complies with this Order if he wishes to pursue his claims in this action.   Accordingly, it is

ORDERED that within **thirty (30) days** from the date of this Order Mr. Laratta file an Amended Prisoner Complaint that complies with this Order.   It is

FURTHER ORDERED that Mr. Laratta shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that if Mr. Laratta fails to file an Amended Prisoner Complaint that complies with this Order, within the time allowed, the action will be dismissed without further notice.

DATED August 22, 2012, at Denver, Colorado.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge