IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02079-BNB

GIOVANNI LARATTA,

      Plaintiff,

v.

DALE BURKE,
LYNN TRAVIS,
RAEANNE WILL,
MALISSA JONES,
C.O. HARTUNG, and
TINO HERRERA,

      Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

      Plaintiff, Giovanni Laratta, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr. Laratta initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) alleging that his rights under the United States Constitution have been violated.  On August 22, 2012, the court ordered Mr. Laratta to file an amended complaint that clarifies how each named Defendant personally participated in the asserted constitutional violations.  On September 7, 2012, Mr. Laratta filed an amended Prisoner Complaint (ECF No. 9).

      The court has reviewed the amended Prisoner Complaint and finds that the amended Prisoner Complaint remains deficient.  However, because it appears that Mr. Laratta has made a good-faith effort to comply with the court's prior order, he will be given another opportunity to file a pleading that clarifies the specific claims for relief he

is asserting and that provides specific allegations demonstrating how each named Defendant personally participated in the asserted constitutional violations.

Mr. Laratta's amended Prisoner Complaint still lacks specific factual allegations that demonstrate how each of the named Defendants personally participated in the asserted constitutional violations. Although Mr. Laratta includes a lengthy factual narrative in support of his first claim for relief, a First Amendment claim, his other claims in the amended Prisoner Complaint merely reference the same factual narrative and are not supported by factual allegations relevant to the specific claims being asserted. Stated another way, the amended Prisoner Complaint is deficient because it is not clear how Mr. Laratta's allegations that various Defendants violated his First Amendment rights, the only factual allegations set forth in the amended Prisoner Complaint, also support claims that those same Defendants violated the Eighth Amendment (claim two) or his Fourteenth Amendment rights to due process and equal protection (claim three). Although the court must construe the amended Prisoner Complaint liberally, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

If Mr. Laratta wishes to pursue any claims other than the First Amendment claim set forth in his first claim for relief, he must provide specific factual allegations in support of those claims. The factual allegations Mr. Laratta provides in support of his claims must demonstrate how each Defendant being sued in connection with a particular claim personally participated in the constitutional violation being asserted. For each claim he

is asserting, Mr. Laratta "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that Mr. Laratta file, **within thirty (30) days from the date of this order**, a second amended Prisoner Complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Laratta shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Laratta fails to file a second amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 27, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge