IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02079-BNB

GIOVANNI LARATTA,

    Plaintiff,

v.

TOM CLEMENTS,
DALE BURKE,
LYNN TRAVIS,
RAEANNE WILL,
MALISSA JONES,
C.O. HARTUNG, and
TINO HERRERA,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Giovanni Laratta, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Laratta initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. On August 22, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Laratta to file an amended complaint that clarifies how each named Defendant personally participated in the asserted constitutional violations. On September 7, 2012, Mr. Laratta filed a First Amended Prisoner Complaint (ECF No. 9). On September 27, 2012, Magistrate Judge Boland ordered Mr. Laratta to file a second amended complaint because the specific claims he asserted in the first amended

complaint still were not clear and he still failed to include specific allegations demonstrating how each named Defendant personally participated in the asserted constitutional violations. On November 5, 2012, Mr. Laratta filed a Second Amended Prisoner Complaint (ECF No. 14).

Pursuant to 28 U.S.C. § 1915A, the Court must review the Second Amended Prisoner Complaint because Mr. Laratta is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the Second Amended Prisoner Complaint, or any portion of the Second Amended Prisoner Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Second Amended Prisoner Complaint in part as legally frivolous.

The Court must construe the Second Amended Prisoner Complaint liberally because Mr. Laratta is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Second Amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Laratta's claims in the Second Amended Prisoner Complaint arise out of allegations that he was sexually harassed by Defendant Malissa Jones and that he was

subjected to retaliation, including a prison disciplinary conviction pursuant to the DOC Code of Penal Discipline, after he filed a grievance against Defendant Jones. Mr. Laratta specifically alleges that six of the seven named Defendants personally participated in the alleged harassment and retaliation. However, with respect to one of named Defendants, DOC Executive Director Tom Clements, Mr. Laratta alleges only that Mr. Clements is responsible for implementing the DOC Code of Penal Discipline. Mr. Laratta does not allege that Mr. Clements otherwise personally participated in the alleged harassment and retaliation.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Laratta must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Thus, a supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government

3

official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

With respect to DOC Executive Director Tom Clements, Mr. Laratta fails to allege the existence of any DOC policy that caused the constitutional injuries he allegedly suffered or that Defendant Clements acted with the state of mind necessary to establish a constitutional violation. Mr. Laratta does not allege that the DOC Code of Penal Disciplinary authorizes retaliatory disciplinary charges or that Defendant Clements personally participated in the use of the DOC Code of Penal Discipline for retaliatory purposes. Therefore, the claims asserted against DOC Executive Director Tom Clements are legally frivolous and he will be dismissed as a party to this action.

Mr. Laratta's claims against the remaining Defendants will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that the claims asserted against Defendant Tom Clements are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that Defendant Tom Clements is dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  4th  day of    December   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court