# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# CHIEF JUDGE MARCIA S. KRIEGER

Civil Action No. 12-cv-02079-MSK-KMT

**GIOVANNI LARATTA,**

    Plaintiff,

v.

**RICK RAEMISCH,** in his official capacity as Executive Director, Colorado Department of Corrections,
**JAY KIRBY,** in his official capacity as Interim Inspector general, Colorado Department of Corrections,
**DENNIS BURBANK,**
**SEAN FOSTER,**
**DALE BURKE,**
**LYNNE TRAVIS,**
**RAEANNE WILL,** and
**TINO HERERRA,**

    Defendants.

---

## OPINION AND ORDER ADOPTING RECOMMENDATION AND GRANTING MOTION TO DISMISS IN PART

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#74**) on two motions to dismiss. The Magistrate Judge recommends that the Partial Motion to Dismiss filed by Mr. Burke, Mr. Travis, Ms. Will, and Mr. Herrera (**#48**) be granted. The Magistrate Judge also recommends that the Motion to Dismiss filed by Mr. Raemisch, Mr. Kirby, and Mr. Foster (**#62**) be granted in part. The Plaintiff, Giovanni Laratta, filed timely Objections (**#79**) to the Recommendation.

In addition, Mr. Laratta recently filed a Motion for Leave to File Fourth Amended Complaint (**#80**). The time to file a response to this motion has not passed and no response has,

1

as yet, been filed. However, in light of the Court's present consideration of the Magistrate Judge's Recommendation, the Court considers Mr. Laratta's motion at this time. *See* Local Rule 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

## I.     ISSUES PRESENTED

In his Third Amended Complaint (**#47**), Mr. Laratta asserts that several prison officials retaliated against him, in violation of 42 U.S.C. § 1983, by subjecting him to disciplinary proceedings against him after he filed a grievance against a correctional officer. He also asserts two claims challenging the constitutionality of a prison regulation prohibiting "False Reporting to Authoritites."

## II.     MATERIAL FACTS

The following facts are derived from the allegations set forth in the Third Amended Complaint.

### A. Underlying Grievance

Mr. Laratta is incarcerated by the Colorado Department of Corrections (CDOC). While incarcerated at the Centennial Correctional Facility (CCF), Ms. Jones, a correctional officer, "attempted to develop an inappropriate personal relationship with Mr. Laratta." Specifically, Mr. Laratta asserts that Ms. Jones gave him preferential treatment, asked him personal questions, offered to send him nude photographs, and "told [him] he was handsome." Mr. Laratta asserts that on January 25, 2011, Ms. Jones "peered through the window of Mr. Laratta's cell and asked to see his genitalia." After this incident, Mr. Laratta asked Ms. Jones to leave him alone.

That same day, Ms. Jones filed a "negative chronological entry" or "chron" against Mr. Laratta, accusing him of violating a rule prohibiting prisoners from placing items on their in-cell

computer kiosks. Mr. Laratta believed that Ms. Jones had entered the chron against him in retaliation for his rejection of her sexual advances.

On February 13, 2011, Mr. Laratta filed a step one grievance under CDOC's inmate grievance process, alleging that Ms. Jones engaged in sexual misconduct and filed a chron against him in retaliation for his refusal of her advances.

### B. False Reporting Charge

On March 8, 2011, Mr. Herrera, an investigator with the CDOC Office of the Inspector General, spoke with Mr. Laratta about the allegations in the step one grievance. During this conversation, Mr. Herrera told Mr. Laratta that, because he could not offer any objective evidence of the alleged sexual misconduct, Mr. Herrera was going to initiate disciplinary proceedings against Mr. Laratta under the Code of Penal Discipline ("COPD"). Mr. Herrera then directed Mr. Travis, a correctional officer lieutenant at CCF, to file a COPD charge against Mr. Laratta for the offense of "False Reporting to Authorities."

On March 17, 2011, Mr. Travis interviewed Mr. Laratta. Like Mr. Herrera, Mr. Travis asked Mr. Laratta if he could produce any evidence in support of his allegations. Mr. Laratta suggested that Mr. Travis could review "video footage and other prison records from the unit to see the frequency with which Ms. Jones would visit Mr. Laratta's cell." On March 25, 2011, Mr. Travis formally charged Mr. Laratta with False Reporting in violation of the COPD. Ms. Will, a correctional officer lieutenant, approved the charges by signing the charge as the "reviewing supervisor."

Mr. Laratta had a hearing on the COPD charge on April 1, 2011. Mr. Burke presided over the hearing as Disciplinary Committee Chairperson. At the hearing, Ms. Will presented the CDOC's case against Mr. Laratta, consisting entirely of the factual allegations contained in the

COPD charge, Mr. Laratta's chron record, an affidavit from Ms. Jones, and a memorandum from Mr. Herrera. Mr. Laratta presented his position, describing Ms. Jones' conduct and stating his belief that video footage might demonstrate the frequency of Ms. Jones' visits to his cell.

On April 4, 2011, Mr. Burke found Mr. Laratta guilty of the charge and imposed a sentence of fifty days punitive segregation and forfeiture of forty-five days of good time. Mr. Foster, the Associate Warden of CCF, affirmed the guilty finding on April 6, 2011. Mr. Laratta promptly filed an administrative appeal of his COPD conviction. On May 17, 2011, Mr. Burbank, Administrative Services Manager of CCF, affirmed the conviction.

Mr. Laratta then began serving his fifty-day punitive segregation sentence. During that period, Mr. Laratta suffered sleep deprivation, experienced a "psychotic break," and attempted suicide.

### C. State Court Review

At an unspecified date, Mr. Laratta filed an action in state court challenging his COPD conviction pursuant to C.R.C.P. 106.5, which provides for judicial review of any "quasi-judicial hearing" by CDOC to determine whether the agency "has exceeded [its] jurisdiction or abused [its] discretion." The state court "agreed that CDOC had abused its discretion when it convicted Mr. Laratta of False Reporting and remanded the matter to CDOC for a new COPD hearing.

A new chairperson presided over the hearing on remand. During that hearing, Mr. Travis admitted that he had not reviewed the video footage that Mr. Laratta had directed him to as possible evidence. The chairperson found Mr. Laratta not guilty of the False Reporting charge and his 2011 COPD conviction was expunged.

**D. Current Action**

Mr. Laratta's Third Amended Complaint asserts three claims for relief. First, he contends that Defendants Herrera, Travis, Burke, Will, Burbank, and Foster prosecuted the False Reporting charge against Mr. Laratta in retaliation for his good-faith grievance made about Ms. Jones' misconduct, violating his First Amendment right to free speech under 42 U.S.C. § 1983. Second, Mr. Laratta argues that the CDOC regulation prohibiting False Reporting violates the First and Fourteenth Amendments to the United States Constitution because it "constitutes an undue restraint on Mr. Laratta's . . . rights to free speech and to petition the government for redress of his grievances." Third, Mr. Laratta asserts that, "both on its face and as applied," the False Reporting regulation is unconstitutionally vague.

Mr. Burke, Mr. Travis, Ms. Will, and Mr. Herrera (the "individual Defendants") filed a Partial Motion to Dismiss, arguing that: (i) as to the retaliation claim against Mr. Burke and Ms. Will, Mr. Laratta failed to allege facts sufficient to demonstrate their retaliatory motive against him; (ii) as to constitutional challenge to the False Reporting regulation, Mr. Laratta failed to allege facts showing that the regulation was not "rationally related to legitimate penological objectives" under *Turner v. Safley*, 482 U.S. 78, 89 (1987); (iii) as to the vagueness challenge, Mr. Laratta failed to allege facts showing that the regulation was impermissibly vague;[1] (iv) that Mr. Laratta was not entitled to any compensatory damages because he failed to adequately allege a physical injury as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e); and (v) all the moving Defendants were entitled to qualified immunity, both due to Mr. Laratta's failure to state a constitutional claim and due to his inability to show that the relevant

---

[1]   It is not entirely clear to this Court whether the constitutional challenges to the False Reporting regulation are asserted against the individual Defendants. Rather, these claims appear to be directed at CDOC itself through the official capacity claims against Mr. Raemisch and/or Mr. Kirby. Thus, the Court understands only Defendants Burke, Will, and Foster to be moving to dismiss the retaliation claim against them.

5

constitutional rights were "clearly established" at the relevant time.  Mr. Raemisch, Mr. Kirby, and Mr. Foster also filed a Motion to Dismiss, adopting the arguments in the individual Defendants' motion, as well as asserting that Mr. Laratta's challenges to the constitutionality of the False Reporting regulation were beyond the statute of limitations.

The Court referred the motions to dismiss to the Magistrate Judge for a Recommendation. On February 26, 2014, the Magistrate Judge recommended that: (1) the retaliation claim should be dismissed against Mr. Burke, Ms. Will, and Mr. Foster for failure to state a claim because Mr. Laratta failed to sufficiently allege that each of them acted with retaliatory motive; (2) claim two should be dismissed for failure to state a claim because Mr. Laratta failed to allege that the False Reporting charge is unrelated to a legitimate penological interest; (3) claim three is barred by the statute of limitations; and (4) recovery of compensatory damages is barred by the PLRA.

Mr. Laratta filed timely objections to the Magistrate Judge's Recommendation. Specifically, Mr. Laratta objects to the Magistrate Judge's conclusions that: (1) Mr. Laratta failed to adequately allege that Mr. Burke, Mr. Will, and Mr. Foster acted with retaliatory motive; (2) Mr. Laratta's claim that the False Reporting charge is unconstitutionally vague is barred by the statute of limitations; (3) Mr. Laratta failed to state claim for an undue restriction on his speech because the False Reporting charge is related to a legitimate penological interest; and (4) compensatory damages are unavailable for Mr. Laratta's retaliation claim under the PLRA.

While Mr. Laratta's objections were pending before this Court, he filed a motion seeking leave to amend.  That motion asserted that, to the extent the Court was inclined to adopt the Recommendation in whole or part, Mr. Laratta should be given the opportunity to amend his Complaint to cure any pleading defects.  He attached a proposed Fourth Amended Complaint.

### III.     STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific objection is made. *See U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.,* 73 F.3d 1057, 1060 (10th Cir. 1996).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court must limit its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

A claim is subject to dismissal if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50. The Court takes the remaining, well-pled factual contentions, treats them as true, and ascertains whether those facts support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51. What is required to reach the level of "plausibility" varies from context to context, but generally,

allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## IV.     ANALYSIS

### A. Claim One: Retaliation

In his first claim for relief, Mr. Laratta alleges that he received a prison disciplinary conviction in retaliation for exercising his First Amendment right to file a grievance concerning a correctional officer's inappropriate behavior. Mr. Laratta asserts this claim against several CDOC employees, three of whom—Mr. Burke, Ms. Will, and Mr. Foster—have moved to dismiss.

Mr. Burke, Ms. Will, and Mr. Foster assert the defense of qualified immunity and challenge the adequacy of the Third Amended Complaint to state a cognizable claim. When a defendant raises a qualified immunity defense the burden shifts to the plaintiff to meet a two-part test. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001); *Green v. Post*, 574 F.3d 1294, 1300 (10th Cir. 2009). A plaintiff must show both that (1) he or she had a constitutional right that was infringed and (2) such a right was clearly established at the time of the alleged infringement. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 818 (2009); *Green*, 574 F.3d at 1299. A court can begin its analysis with either prong. The Court begins with the first prong because the question of whether a cognizable claim has been pled is central to both to the first prong of the qualified immunity analysis and to the defendants' argument that the Third Amended Complaint fails to state a claim upon which relief can be granted[2].

---

[2] In the context of a motion to dismiss, the determination of whether a complaint asserts a constitutional violation is made pursuant to the Rule 12(b)(6) standard discussed above. *See Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008).

Prison officials may not retaliate against a prisoner for exercising of his or her constitutional rights. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *see also Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) ("[I]f in fact DOC officials retaliated against [plaintiff] based on his filing administrative grievances, they may be liable for a violation of his constitutional rights."). To establish a First Amendment retaliation claim, a plaintiff must show that (1) he was engaged in constitutionally protected activity, (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to his constitutionally protected conduct. *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1165 (10th Cir. 2009).

Mr. Burke, Ms. Will, and Mr. Foster argue that Mr. Laratta has failed to satisfy the third component. The third component requires a plaintiff to establish "that the defendants' alleged retaliatory motives were the 'but for' cause of the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir.1998). To do so, the plaintiff "must allege *specific facts* showing retaliation because of the exercise of [his] constitutional rights." *Id.* (quotation omitted).

Here, Mr. Laratta's Third Amended Complaint merely pleads conclusions with regard to Defendant Burke, Will, and Foster's motivations. For example, as to Ms. Will, Mr. Laratta merely alleges that she "willfully, waontonly, and in reckless disregard of Mr. Laratta's constitutional rights prosecuted the False Reporting charge against him in retaliation for lawfully and in good faith filing a grievance against Ms. Jones." Similarly, as to Mr. Burke, Mr. Laratta merely alleges that he "affirmatively and consciously participated in the False Reporting disciplinary actions against Mr. Laratta in retaliation for Mr. Laratta's lawful and good faith exercise of his right to utilize the CDOC grievance system . . . ." These conclusory allegations

9

do not contain any specific facts that suggest that these Defendants harbored any retaliatory motive against Mr. Laratta, much less that such motives were the "but for" cause of their actions. *See Dawson v. Johnson*, 266 Fed. Appx. 713, 716 (10th Cir. 2008) (upholding the dismissal of retaliation claims against defendants whose "only involvement was that he presided over the disciplinary hearing," "investigated the [] charge and presented facts in support of the charge at the hearing," or "affirmed [plaintiff's] conviction"). Thus, the Third Amended Complaint fails to plead a sufficient retaliation claim against Defendants Foster, Burke, and Will.

Because Mr. Laratta has failed to state a claim that his constitutional rights were infringed, it is not necessary to address whether the alleged violation was clearly established. Thus, Mr. Burke, Ms. Will, and Mr. Foster are entitled to qualified immunity on Mr. Laratta's retaliation claim.

## B. Claim Two: Unreasonable Restriction on Speech

Mr. Laratta asserts that the COPD False reporting charge "constitutes an undue restraint on [his] First Amendment rights to free speech and to petition the government for redress of his grievance." Mr. Laratta brings this claim against Mr. Raemisch and Mr. Kirby in their official capacities. Defendants argue that the Third Amended Complaint fails to state a cognizable claim.[3]

The False Reporting regulation prohibits, among other things, an inmate "mak[ing] a report alleging criminal conduct by a DOC employee . . . knowing that the allegation is false, untruthful, or misleading"; "mak[ing] a report alleging that a DOC employee engaged in conduct that violated DOC policy, knowing the allegation is false, untruthful, or misleading"; and

---

[3] In the Motion to Dismiss, Mr. Raemisch and Mr. Kirby also argued that claim two was barred by the statute of limitations. The Magistrate Judge's Recommendation rejected that argument and neither party has objected to that portion of the Recommendation. The Court has reviewed the Magistrate Judge's Recommendation on the statute of limitations and finds no clear error.

"knowingly provides false or misleading information during the course of an official DOC investigation."

A prison regulation that infringes on a prisoner's constitutional right "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261 (1987). Several factors are relevant when determining the reasonableness of a regulation: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remains open to prison inmates"; (3) whether the accommodation of the asserted right will have an impact on guards, other inmates, and the allocation of prison resources; and (4) whether there are other alternatives readily available. *Id.* at 89–91.

However, "in ruling on a motion to dismiss, a court need only assess, as a general matter, whether a prison regulation is 'reasonably related to a legitimate penological interest.'" *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010)). Thus, to state a cognizable claim Mr. Laratta must plead facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest. *Gee*, 627 F.3d at 1188.

Legitimate penological objectives include "deterrence of crime, rehabilitation of prisoners, and institutional security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S. Ct. 2400, 2404 (1987). It is patently obvious that a regulation that prohibits inmates from making false allegations, "knowing that the allegation is false, untruthful, or misleading," serves legitimate purposes of maintaining institutional security and rehabilitating prisoners; no reasonable person could suggest that prisons must grant inmates license to fabricate allegations

11

of staff crimes or breaches of policy.[4] In his objections, Mr. Laratta argues that the regulation is not reasonably related to a legitimate penological interest because the punishments available for False Reporting are particularly harsh (second only to the offenses of Murder, Manslaughter, and Kidnapping" and equivalent to "offenses such as Escape With Force, Engaging in Riot, Rape, and Dealing in Dangerous Drugs"), and because CDOC uses False Reporting charges as "an exaggerated response to any problems that may exist." The Court finds these arguments unavailing.

"Prison administrators [] should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878 (1979). The decision to set a particular range of punishments for False Reporting (or any other COPD offense) lies well within that scope of discretion afforded prison administrators. Moreover, the Court disagrees with Mr. Laratta's premise that inmates falsely accusing prison officials of criminal conduct or breaches of policy are, qualitatively, less serious offenses than dealing drugs or inciting a riot; indeed, one can just as effectively incite others to riot by spreading false rumors or accusations against prison staff as by resorting to physical violence. The fact that the regulation may sometimes be applied by CDOC officials in an "exaggerated" way may be grounds for challenging the correctness of the application of the regulation in a particular context (as Mr. Laratta did successfully in state court and at his second

---

[4] This is not to say that false statements always fall outside of the protection of the First Amendment. In *U.S. v. Alvarez*, 132 S.Ct. 2537, 2544-45 (2012), a plurality of the Supreme Court rejected the contention that "false statements, as a general rule, are beyond constitutional protection." However, even that plurality contemplated that a "knowing or reckless falsehood" might not be protected. *Id.* at 2545. The Court notes that the False Reporting regulation expressly requires that the false statement be "knowingly" made before punishment may attach.

12

COPD hearing), but does not suggest that the regulation is itself an unconstitutional abridgement on inmates' rights to free speech or the petitioning of grievances.

Thus, the Third Amended Complaint does not include sufficient facts to support a plausible inference that the False Reporting charge is unrelated to a legitimate penological interest. According, claim two is dismissed for failure to state a cognizable claim.

### C. Claim Three: Vagueness

The Third Amended Complaint also asserts the COPD False Reporting charge is unconstitutionally vague. Mr. Laratta brings this claim against Mr. Raemisch and Mr. Kirby in their official capacities. Defendants argue that this claim is barred by the statute of limitations and Mr. Laratta fails to state a cognizable claim.

#### 1. Statute of Limitation

"Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations . . . ." *Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir. 2006). The limitation period applicable to Mr. Laratta's section 1983 claims is Colorado's two-year statute of limitations, which bars suits filed more than two years after the cause of action accrued. *See id.* "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *See Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994).

Although this Court has some doubt that Mr. Laratta's vagueness challenge is susceptible to any statute of limitations – given that Mr. Laratta remains subject to the regulation's effect and he seeks prospective relief with regard to it – the Court nevertheless finds that Mr. Laratta's claim is timely in any event. Mr. Laratta sought leave to file an amended complaint adding claims this claim against Mr. Raemisch and Mr. Kirby on June 1, 2013. Defendants argue that,

13

because his claims are based on his initial False Reporting conviction, Mr. Laratta's claim accrued when the charge was upheld on administrative appeal on May 17, 2011. Thus, defendants assert that Mr. Laratta's claim for vagueness is barred by the statute of limitations because he filed it over two years after the claim accrued. Defendants, however, offer no support for their argument that May 17, 2011 marks the latest possible date of accrual rather than any other date.

In Colorado, prisoners have the right to seek judicial review of any quasi-judicial hearing conducted by a CDOC facility. C.R.C.P. 106.5; *see also People v. Garcia*, 259 P.3d 531, 533 (Colo. App. 2011). Mr. Laratta exercised this right after his administrative appeal was denied. The state court completed its review on January 26, 2012 and a new COPD hearing occurred the following month. Thus, the Third Amended Complaint contains sufficient factual allegations to support an inference that the statute of limitations did not accrue until January or February 2012, when Mr. Laratta obtained the reversal and expungement of the COPD conviction. Accordingly, the Court denies defendants' to Motion to Dismiss claim three as barred by the statute of limitations.

**2. Failure to State a Claim**

Defendants also contend that Mr. Laratta has failed to state a claim that the COPD False Reporting charge is "unconstitutionally vague."

A statute can be impermissibly vague if it either (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732, 120 S. Ct. 2480, 2498 (2000). The Third Amended Complaint asserts a claim under the first theory, arguing that "the False Reporting COPD charge provides no meaningful notice to Mr.

14

Laratta as to what conduct is prohibited and subject to disciplinary action." However, this concern is ameliorated by the fact that False Reporting regulation contains a scienter requirement. *See id.* The False Reporting charge only applies to a person who "knowingly" provides "false or misleading" information or evidence. The Third Amended Complaint contains no additional allegations as to why a person of ordinary intelligence would fail to understand what conduct the regulation prohibits. *See id.* ("The likelihood that anyone would not understand any of those common words seems quite remote.").

Thus, Mr. Laratta has failed to state a cognizable claim that the False Reporting charge is unconstitutionally vague.

### D. Compensatory Damages

Mr. Burke, Mr. Travis, Ms. Will, and Mr. Herrera move to dismiss Mr. Laratta's "claim" for compensatory damages in connection with his retaliation claim because it is barred by the PLRA.

The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The 10th Circuit construes this language literally, finding that "mental or emotional" injuries are insufficient. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).

Mr. Laratta alleges that during his time in punitive segregation he suffered from sleep deprivation and experienced a psychotic break. He asserts that both are "physical injuries," but fails to offer any explanation for such a conclusion. Without more, these conclusory allegations are insufficient to withstand the physical injury requirement of the PLRA. Therefore, he is unable to recover compensatory damages under the PLRA.

However, the PLRA does not bar recovery of punitive damages or nominal damages. *See Searles*, 251 F.3d 869, 881 (10th Cir. 2001); *Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 808 n.6 (10th Cir. 1999). Thus, Mr. Laratta's claim for damages can proceed to the extent he seeks nominal and punitive damages for the retaliation claim.

## V. MOTION FOR LEAVE TO AMEND

Finally, Mr. Laratta moves for leave to file a Fourth Amended Complaint. He asserts that the amendments would present additional allegations to address two issues: (1) the retaliatory motives of Mr. Burke, Ms. Will, and Mr. Foster; and (2) the lack of a legitimate penological interest for the False Reporting charge.

Although Fed.R.Civ.P. 15(a) requires that leave to amend be "freely given," the Court may deny such leave where it finds that amendment would be futile because the complaint, as amended, would be subject to dismissal. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)

Here, the proposed Fourth Amended Complaint alleges additional facts to support an inference that Mr. Foster actions were motivated by a retaliatory purpose. Specifically, Mr. Laratta asserts that Mr. Foster failed to delegate the investigation of Mr. Laratta's grievance to the Office of the Inspector General, as required by the Prison Rape Elimination Act (PREA). In addition, Mr. Laratta asserts that Mr. Foster directed Mr. Herrera to initiate disciplinary proceedings against Mr. Laratta for False Reporting before anyone investigated Mr. Laratta's grievance. Arguably, these allegations might suggest that Mr. Foster's decision to charge Mr. Laratta with False Reporting was not based on a conclusion that Mr. Laratta knowingly falsified the allegations against Ms. Jones, but rather, was a reflexive response to the mere fact that Mr.

Laratta had filed a grievance. Thus, the Court grants Mr. Laratta leave to file a Fourth Amended Complaint as to Mr. Foster's retaliatory motives.

As to the remainder of the deficiencies Mr. Laratta intends to address, the Court finds that the requested amendment would be futile. As to Mr. Burke and Ms. Will, the proposed amendments present essentially the same arguments as in the Third Amended Complaint: namely, defendants failed to adequately perform their jobs while investigating and prosecuting Mr. Laratta's False Reporting charge. At best, these allegations might suggest that Defendants Burke and Will performed their assigned jobs negligently or carelessly, but that is not enough. Mr. Laratta is required to allege facts sufficient to suggest that these Defendants harbored a retaliatory animus towards him, and that this animus was the but-for cause of their decisionmaking towards him. The allegations Mr. Laratta seeks to include in a Fourth Amended Complaint do not support an inference that a retaliatory motive was 'but for' cause of the actions of either Mr. Burke or Ms. Will.

With regard to Mr. Laratta's request to amend to cure defects in his constitutional challenges to the False Reporting regulation, he asserts that the False Reporting charge (1) is redundant of other disciplinary charges in the COPD, (2) was promulgated outside of the normal procedural process, and (3) was created "as a means of discouraging and deterring prisoners from filing PREA-related complaints against staff." While these allegations could potentially support other types of claims that attack the False Reporting charge (*e.g.* that the promulgation of the regulation violated administrative procedures), none of the allegations support an inference that the False Reporting charge is unrelated to a legitimate penological interest. Accordingly, because amendment would be futile, the remainder of the motion for leave to amend is denied.

## VI.   CONCLUSION

**IT IS THEREFORE ORDERED** that

(1) For the forgoing reasons, Mr. Laratta's Objections (**#79**) to the Recommendation are overruled.

(2) The Court therefore **GRANTS IN PART** the Motion to Dismiss (**#62**) filed by Mr. Raemisch, Mr. Kirby, and Mr. Foster.

(3) The Court **GRANTS** the Partial Motion to Dismiss (**#48**) filed by Mr. Burke, Mr. Travis, Ms. Will, and Mr. Herrera.

(4) All claims against Mr. Burke, Ms. Will, Mr. Raemisch, and Mr. Kirby are dismissed.

(5) Mr. Laratta's Motion for Leave to File Fourth Amended Complaint (**#80**) is **GRANTED IN PART**, insofar as Mr. Laratta may file a Fourth Amended Complaint as to the retaliatory motive of Mr. Foster, and **DENIED IN PART**, insofar as the remainder of the requested amendment would be futile.

Dated this 26th day of March, 2014.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge