IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE MARCIA S. KRIEGER

Civil Action No. 12-cv-02079-MSK-KMT

GIOVANNI LARATTA,

    Plaintiff,

v.

DENNIS BURBANK,
SEAN FOSTER,
LYNNE TRAVIS, and
TINO HERERRA,

    Defendants.

---

## OPINION AND ORDER ADOPTING RECOMMENDATION
## AND GRANTING MOTION TO DISMISS

---

**THIS MATTER** comes before the Court on the Magistrate Judge's Recommendation (**#112**) that Defendant Dennis Burbank's Motion to Dismiss (**#103**) be granted. The Plaintiff, Giovanni Laratta, filed a timely Objection (**#113**) to the Recommendation.

### ISSUE PRESENTED

As relevant to the instant motion, Mr. Laratta's Fourth Amended Complaint (**#92**) asserts that Mr. Burbank violated 42 U.S.C. § 1983 when he affirmed a prison disciplinary conviction against Mr. Laratta. Mr. Laratta contends that Mr. Burbank retaliated against Mr. Laratta for having filed a grievance against a correctional officer.

Mr. Burbank moved to dismiss the retaliation claim against him on the grounds that Mr. Laratta failed to plead sufficient facts to state a retaliation claim, and if sufficient facts were

pled, then because he is entitled to qualified immunity. The Court referred the motion to the Magistrate Judge for a Recommendation.

The Magistrate Judge recommended that the retaliation claim against Mr. Burbank be dismissed for failure to state a claim because Mr. Laratta failed to allege facts to support a claim that Mr. Burbank acted with retaliatory motive, and that Mr. Burbank is entitled to qualified immunity because Mr. Laratta failed to establish that Mr. Burbank violated his constitutional or statutory rights.

Mr. Laratta filed a timely objection to the Magistrate Judge's Recommendation. He objects to the Magistrate Judge's finding that the Fourth Complaint failed to contain sufficient factual allegations to show that Mr. Burbank acted with a retaliatory motive. The Court's review is limited to this issue which it considers *de novo*.[1]

## FACTS

The following facts are derived from the allegations set forth in the Fourth Amended Complaint.

While incarcerated at the Centennial Correctional Facility (CCF), Mr. Laratta filed a grievance alleging that a correctional officer engaged in sexual misconduct by attempting to develop an inappropriate relationship with him.[2] Defendant Tino Herrera investigated the grievance, and then told Mr. Laratta that, because Mr. Laratta did not offer any evidence of the alleged sexual misconduct, Mr. Herrera intended to initiate disciplinary proceedings against him.

---

[1] When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews *de novo* determination those portions of the recommendation to which a timely and specific objection is made. *See United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

[2] The facts underlying Mr. Laratta's grievance are not relevant to the retaliation claim and therefore are not discussed.

Mr. Herrera then directed Defendant Lynne Travis, a correctional officer lieutenant at CCF, to file a charge of "False Reporting to Authorities" in violation of the Code of Penal Discipline (COPD) against Mr. Laratta for False Reporting.

After a hearing, Mr. Laratta was found guilty of the offense, and the CDOC imposed a sentence of fifty days punitive segregation and forfeiture of forty-five days of good time. Defendant Sean Foster, the Associate Warden of CCF, affirmed the guilty finding.

Mr. Laratta filed an administrative appeal of his COPD conviction. Mr. Burbank, Administrative Services Manager of CCF, upheld the guilty finding, certifying that he believed there was competent evidence in the hearing record to support the finding that Mr. Laratta had knowingly made a false allegation of misconduct by a correctional officer. Sometime later, in a separate legal proceeding a court determined that the record of the disciplinary hearing inadequate to support the conviction and directed a rehearing. . The Fourth Amended Complaint conclusorily asserts that Mr. Burbank upheld the guilty finding in retaliation against Mr. Laratta having grieved the corrections officer in the first place.

## STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Court must limit its consideration to the four corners of the Complaint, any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

A claim must be dismissed if it fails to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To make such an assessment, the Court first discards those averments in the Complaint that are merely legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 1949-50. The Court takes the remaining, well-pled factual contentions, treats them as true, and ascertains whether those facts support a claim that is "plausible" or whether the claim being asserted is merely "conceivable" or "possible" under the facts alleged. *Id.* at 1950-51. What is required to reach the level of "plausibility" varies from context to context, but generally, allegations that are "so general that they encompass a wide swath of conduct, much of it innocent," will not be sufficient. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## ANALYSIS

Prison officials may not retaliate against a prisoner for exercising of his or her constitutional rights. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *see also Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006). To establish retaliation claim under 42 U.S.C. §1983, a plaintiff must show that (1) he was engaged in constitutionally protected activity, (2) the defendant's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's actions were substantially motivated as a response to his constitutionally protected conduct. *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1165 (10th Cir. 2009). The third component requires a plaintiff to establish "that the defendants' alleged retaliatory motives were the 'but for' cause of the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir.1998). To do so,

the plaintiff "must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* (quotation omitted).

Of over one hundred and fifty paragraphs of factual allegations in the Fourth Amended Complaint, only two **(#143; #144)** pertain to Mr. Burbank's actions. They contain only conclusory allegations that Mr. Burbank "affirmatively and consciously participated in the False Reporting disciplinary action against Mr. Laratta in retaliation for Mr. Laratta's lawful and good faith exercise of his right to utilize the CDOC grievance process to make a complaint about CDOC staff misconduct" and that, in doing so, Mr. Burbank "willfully, wantonly, and recklessly disregarded Mr. Laratta's constitutional rights." Such allegations fail to state any specific facts which suggest that Mr. Burbank's motive in affirming Mr. Laratta's conviction, much less that he had a retaliatory motive, or that a retaliatory motive was "but for" cause for his decision to affirm the disciplinary decision. *See Dawson v. Johnson*, 266 Fed. Appx. 713, 716 (10th Cir. 2008).[3]

Mr. Laratta argues that a retaliatory motive can be inferred from other facts, however. He points to the Fourth Amended Complaint's allegations that, after his case was remanded by a state court to CDOC for a new hearing, the chairperson of the second hearing found Mr. Laratta not guilty of the False Reporting charge "based solely on the facts and evidence" that had been available Mr. Burbank.

---

[3] This is in contrast to the specific factual allegations made against the other Defendants. For example, Mr. Laratta asserts that Mr. Foster, who signed the original COPD disposition, (1) was obligated to independently determine whether there was competent evidence in the record to support a guilty finding, (2) was aware that the Mr. Travis and Mr. Herrera failed to conduct a thorough and complete investigation into whether Mr. Laratta had knowingly made a false allegation of misconduct, and (3) predetermined that Mr. Laratta should be convicted of False Reporting. Mr. Laratta does not assert any similar facts to support his claim against Mr. Burbank.

5

Construing this allegation most favorably to Mr. Laratta, it is essentially a "Monday morning quarterbacking" argument – that because a court and hearing officer found the evidence at the first disciplinary hearing inadequate to convict, Mr. Burbank must have been wrong and had a retaliatory motive when he affirmed the initial decision.  This, too, is insufficient to show retaliatory motive on the part of Mr. Burbank. It might call into question whether Mr. Burbank adequately performed his job in affirming Mr. Laratta's COPD conviction, but by itself creates no inference as to Mr. Burbank's motivation in doing so.

The allegations in the Fourth Amended Complaint are insufficient to support an inference that Mr. Burbank's affirmance of the disciplinary conviction was caused by his retaliatory motive. Mr. Laretta has amended his Complaint several times, and makes no request to make further factual amendment.  Therefore, the claim against Mr. Burbank is properly dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that

(1) For the foregoing reasons, Mr. Laratta's Objection (**#113**) to the Magistrate Judge's Recommendation is overruled.

(2) The Court **ADOPTS** the Recommendation (**#112**) and **GRANTS** Mr. Burbank's Motion to Dismiss (**#103**).

Dated this 5th day of December, 2014.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge