**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE MARCIA S. KRIEGER**

Civil Action No. 12-cv-02079-MSK-KMT

**GIOVANNI LARATTA,**

   Plaintiff,

v.

**SEAN FOSTER,
LYNN TRAVIS,
TINO HERRERA,**

   Defendants.

_____

**OPINION AND ORDER DENYING MOTIONS WITHOUT PREJUDICE AND
DIRECTING SETTING OF TRIAL**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Laratta's Motion *In Limine* **(# 130)**, the Defendants' response **(# 134)**, and Mr. Laratta's reply **(# 137)**; and Mr. Laratta's Motion for a Writ of *Habeas Corpus Ad Testificandum* **(# 131)**, the Defendants' response **(# 135)**, and Mr. Laratta's reply **(# 137)**.  It also remains necessary to set this matter for trial.

The Court assumes the reader's familiarity with the proceedings to date.  In summary, Mr. Laratta, an inmate in the custody of the Colorado Department of Corrections ("CDOC"), proceeds to trial on a single claim under 42 U.S.C. § 1983 for retaliation based on the exercise of First Amendment rights.  Mr. Laratta alleges that he was subjected to prison disciplinary charges based on his having filed a grievance accusing a corrections officer of sexually harassing him.

   **A. Motion** *In Limine*

Mr. Laratta moves *in limine* to preclude the Defendants from making reference to his criminal convictions, his disciplinary record during his incarceration, his current status as an

inmate, and "any related security classification CDOC attributes to him," on the grounds that such evidence is more prejudicial than probative under Fed. R. Evid. 403. In response, the Defendants state that they only intend to present the "name of the offense, the date of conviction, and the sentence" for each of Mr. Laratta's convictions. The Defendants argue that the fact of Mr. Laratta's felony convictions are necessarily admissible under Fed. R. Evid. 609 for purposes of impeaching Mr. Laratta (assuming he testifies), that the nature of those convictions are typically admissible to assist the jury in determining their probative value, *citing U.S. v. Howell*, 285 F.3d 1263, 1267-69 (10th Cir. 2002). As to the remaining issues, the Defendants give no indication of what evidence they intend to present and instead request that the Court defer the issue until such time as evidence is proffered at trial.

The Court denies the motion without prejudice. Determinations as to the prejudicial and probative value of proffered evidence under Fed. R. Evid. 403 are questions that are almost always ill-suited for pre-trial determination. Rare is the situation when the parties can assert and the Court can determine, with confidence and specificity, the precise evidence that will be presented, the exact manner in which it will be presented, and the pertinent context in which in which it will be presented. These matters can best be addressed during trial, when the proponent of the evidence is prepared to present it. Accordingly, the Court denies Mr. Laratta's motion, directs that the Defendants shall make no reference to the evidence at issue in this motion during opening statements,[1] and that the Defendants advise the Court at the point during trial at which they are prepared to proffer the evidence. The Court will defer that issue until the next scheduled break in the trial and will hear a proffer and arguments as to admissibility of the evidence under Rule 403 at that time.

---

[1] For reasons set forth below, the jury will be advised of Mr. Laratta's status as an inmate at the outset of trial, and thus, his status as such is not encompassed by this Order.

**B. Motion for Writ**

Mr. Laratta moves for a writ of *habeas corpus ad testificandum*, such that he would be transferred from state custody to federal custody for the duration of the trial. He further requests that he be allowed to appear in court in-person, in street clothes, and without restraints. The Defendants take no particular position on the motion.

It is well-settled that inmates do not have a constitutional right to be physically present at trial of a civil rights claim in which they are a party. *See generally Twitty v. Ashcroft*, 712 F.Supp.2d 30, 31 (D.Conn. 2009) (collecting cases). Unlike in criminal trials, there is no right for Mr. Laratta to appear in street clothes or without obvious restraints. Indeed, whether to permit the inmate to appear in person, or to facilitate the inmate's appearance in some other way, is a matter reposed in the sound discretion of the court. *Id.* In exercising that discretion, the court must weigh various factors, including whether the inmate's presence will substantially further resolution of the case, security risks and logistical concerns, whether the action can be stayed until the inmate's release,[2] and the extent to which reasonable alternatives to physical presence exist. *Id.* at 32.

To be sure, there may be several salutary benefits that weigh in favor of Mr. Laratta attending the trial in-person: he may see and be seen by jurors (especially for the purpose of evaluating his credibility), he may freely interact with his counsel, and his presence in court might enhance the abstract notion of the parties being on a "level playing field." But, unlike the situation posed in a criminal case, this matter is premised upon Mr. Laratta being a convicted felon housed in a correctional facility. Therefore, his identity as such is not an inherent prejudice to his cause. In addition, Mr. Laratta's physical presence at trial creates logistical

---

[2] Mr. Laratta is not eligible for parole until 2017, and there is no certainty that he would be paroled at that time.

concerns that implicate both substantial cost and security issues, during transfer, while being housed and at the courthouse.[3]

An alternative to physical presence during trial is to allow Mr. Laratta to appear by videoconference from a CDOC facility. This approach is a substantial way of accommodating his interest while mitigating cost and security concerns. There is no need for transport or additional security if Mr. Laratta remains at the facility where he is currently housed. A full-time video connection allows jurors to evaluate Mr. Laratta's demeanor throughout the trial. Mr. Laratta's ability to communicate with his counsel during trial can be facilitated by a variety of technologies, from real-time instant messaging to old-fashioned recesses to allow Mr. Laratta and his counsel to communicate privately by telephone. The Court is confident that comprehensive cautionary instructions to the jury can fully protect Mr. Laratta from any inherent prejudice that might result from him not being physically present. Although these accommodations do not necessarily provide <u>all</u> of the benefits that in-person appearance does,

---

[3]  The predominant factor weighing in opposition to Mr. Laratta's physical presence is the issue of logistics. Mr. Laratta's motion elides the precise mechanism by which Mr. Laratta's presence at trial will be achieved. Mr. Laratta's brief makes a passing reference to CDOC "transport[ing] the Plaintiff to Denver, where he can be housed temporarily in the CDOC's Denver Reception and Diagnostic Center," which the Court understands to suggest that Mr. Laratta would be transferred by CDOC officials to the federal courthouse each trial day, turned over to U.S. Marshal's Service personnel at the courthouse door, that Mr. Laratta would be housed, fed, and supervised by Marshal's personnel during the trial day, and would be returned to CDOC officials at the courthouse at the conclusion of each trial day. Mr. Laratta assumes that the Defendants' lack of objection to his motion is the equivalent of CDOC expressing no objection to such a proposal. This Court is not willing to make such an assumption, and would require, at a minimum, an affirmative representation from CDOC (whether through an official or through counsel) that CDOC does not oppose such an arrangement (including Mr. Laratta's request to be free of restraints during trial). More importantly, however, Mr. Laratta's motion gives no indication of the U.S. Marshal's Service's position on such a request, much less indicate that Mr. Laratta has consulted the Marshal on this point. Because Marshal's Service resources will necessarily be consumed as part of this arrangement, and the security during the trial would be maintained by the Marshal, the Court is not prepared to grant Mr. Laratta's motion without some indication of the Marshal's position.

the Court is sanguine that, on balance, they suffice to protect Mr. Laratta from undue prejudice and ensure him a fair trial.

Accordingly, the Court denies his motion without prejudice.

### C. Setting trial

The parties have submitted a Revised Proposed Pretrial Order **(# 133)** sufficient to warrant setting this case for trial. The Court approves that Revised Proposed Order. Within 7 days of this Order, counsel shall jointly contact chambers to schedule a prompt trial date for a four-day trial.[4]

Mr. Laratta's motions **(# 130, 131)** are **DENIED WITHOUT PREJUDICE**.

Dated this 5th day of October, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge

---

[4]  The parties request a five-day trial. Having reviewed the parties' Pretrial Order and witness list, the Court is confident that the matter can be fully tried in four days or less.

5